UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUADALUPE AGUADO TINOCO,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX, et al.,<br>Respondents. | No. 1:26-cv-03383 DJC AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is an immigration detainee who initially filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Bureau of Immigration and Customs Enforcement ("ICE"). ECF No. 1. Counsel was subsequently appointed for petitioner, who then filed an Amended Petition. ECF No. 15. Petitioner claims his prolonged detention without a bond hearing violates his procedural and substantive due process rights under the Fifth Amendment. ECF No. 1 at 5; ECF No. 15 at 8. After denying petitioner's earlier motion for a temporary restraining order ("TRO") because at that early stage of proceedings petitioner had not met his burden of showing a likelihood of success on the merits, District Judge Calabretta referred this matter to the undersigned pursuant to Local Rule 302(c)(17). ECF No. 7. Because petitioner's detention pursuant to 8 U.S.C. § 1226(c) for over six months is no longer within the brief, constitutionally permissible period contemplated by the Supreme Court in Demore v. Kim, 538 U.S. 510 (2003), the undersigned recommends the petition

be GRANTED and respondents be directed to provide petitioner a bond hearing before an immigration judge.

I. Factual Background

Petitioner is a native and citizen of Mexico who has applied for asylum in the United States after he and his family were victims of kidnapping. ECF No. 15 at 2. Petitioner entered the United States on November 29, 2022, and he was granted an Employment Authorization Document (EAD) that is valid until 2029. Id. Although respondents did not provide all of petitioner's relevant immigration records, it appears that petitioner was initially charged as an inadmissible alien on November 29, 2022, but those charges were subsequently dropped by DHS on September 10, 2024. ECF No. 6-3 at 2.

Petitioner was arrested for retail theft (value < $500), a Class B misdemeanor, on March 10, 2026, stemming from an alleged tag-switching incident at Winco Foods in Ogden, Utah. Id.; ECF No. 6-2 at 1.[1] On April 2, 2026, following a court hearing relating to his misdemeanor charge, petitioner was arrested by ICE at the courthouse in Ogden. On the same date, ICE re-initiated removal proceedings by issuing a Form-I-862 Notice to Appear alleging that petitioner was an alien present in the United States who has not been admitted or paroled and/or is not in possession of a valid entry document and is therefore inadmissible pursuant to INA § 212(a)(6)(A)(i) and INA § 212(a)(7)(A)(i). ECF No. 6-1 at 1-4 (Form (I-862); ECF No. 6-3 at 3 (petitioner's RAP sheet).

On May 20, 2026, an immigration judge ("IJ") ordered petitioner's removal to Mexico. ECF No. 15 at 2; ECF No. 6-4 (April 29, 2026 Notice of Hearing). According to the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited October 7, 2026), petitioner's appeal of the IJ's order

////

////

[1] Although not relevant to respondents' stated basis for petitioner's current detention, petitioner was also previously arrested on domestic violence charges in June 2024 that were dismissed without prejudice in November 2024. ECF Nos. 6-2 at 2; 6-3 at 4-5 (Petitioner's RAP sheet).

is currently pending at the Board of Immigration appeals ("BIA").[2] The ICE Inmate Locator[3] indicates that petitioner is currently detained at the Otay Mesa Detention Center in San Diego, California, although he was detained at the Central Valley Annex in McFarland, California, when he initiated this action in May 2026. ECF No. 1 at 2; ECF No. 6-5 at 1; ECF No. 6-6 at 1 (reflecting petitioner's transfer from the Golden State Annex to the Central Valley Annex on April 27, 2026).

II. Procedural History

Proceeding pro se, petitioner filed a petition for writ of habeas corpus and motion for TRO on May 4, 2026. ECF Nos. 1-2. Because petitioner's habeas petition and request for a TRO raised issues that appeared to mirror those previously addressed by the court, District Judge Calabretta directed respondents to show cause whether there were any factual or legal issues that distinguished this case from several of the court's prior orders. ECF No. 4.

Respondents opposed petitioner's request for habeas relief and TRO, arguing that this case is distinguishable from the precedent cited by Judge Calabretta because petitioner is an "applicant for admission" subject to mandatory detention by ICE under 8 U.S.C. § 1226(c)(1)(E) based on his recent criminal history or, alternatively, 8 U.S.C. § 1225(b)(2). ECF No. 6 at 1. First, respondents contend that petitioner's current detention is governed by 8 U.S.C. § 1226(c)(1)(E), which provides for the detention of any inadmissible alien who is "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). Id. at 4. Specifically, respondents assert that petitioner is charged with

---

[2] See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[3] The court also takes judicial notice of the information on the ICE Inmate Locator website, operated by the Department of Homeland Security, available at https://locator.ice.gov/odls/#/search (last visited October 7, 2026), which confirms that as of the date of this order, petitioner remains in custody at the Otay Mesa Detention Center. See Fed. R. Evid. 201; O'Neill, 386 F.3d at 1224 n.2.

inadmissibility under 8 U.S.C. § 1182, which satisfies the requirement of subsection (i). ECF No. 6-1. Petitioner's March 2026 "arrest for Retail Theft, in violation of UCC § 76-6-602(2), 3(d)," which "requires committing acts which constitute the essential elements of theft," satisfies the requires of subsection (ii). Id. See also 8 U.S.C. § 1226(c)(2) ("For purposes of paragraph (1)(E), the term[] . . . theft . . . [has] the meaning[] given such term[] in the jurisdiction in which the act[] occurred."). Because petitioner was arrested for having committed a qualifying offense – a retail theft charge that is still pending – respondents contend he is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E). Id. Respondents further argue that petitioner's continued detention was neither indefinite nor prolonged, and therefore facially constitutional. Id. at 5-7.

Alternatively, respondents argue that petitioner is also subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he was never admitted to this country and therefore constitutes an "applicant for admission" who is ineligible for a bond hearing and has no right to freedom from immigration detention. Id. at 8.[4] Finally, if the court finds that petitioner is entitled to a bond hearing, respondents contend that the government should not bear the burden of proof at the hearing. Id. at 9-10 (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1212 (9th Cir. 2022)).

On May 15, 2026, based on the record submitted by respondents, Judge Calabretta found that petitioner may be subject to detention under 8 U.S.C. § 1226(c) and therefore had not met his burden to show a likelihood of success on the merits at that early stage of the proceedings sufficient to warrant emergency relief. ECF No. 7. Given the complexity of the legal issues involved, Judge Calabretta ordered counsel to be appointed to represent petitioner, and this matter

---

[4] Respondents' alternative argument lacks merit and it is unnecessary to discuss it in detail. Since the parties submitted their briefing in this matter, the Ninth Circuit decisively resolved the debate over the statutory basis for noncitizens who are present in the United States without admission. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165, 1193 (9th Cir. 2026) (noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are entitled to a bond hearing). If petitioner's detention is not governed by 8 U.S.C. § 1226(c), it would be governed by 8 U.S.C. § 1226(a), not § 1225(b), as alleged by respondents.

was referred to the undersigned. Id.

With assistance of counsel, petitioner filed an Amended Petition for Writ of Habeas Petition on July 7, 2026, which counsel explained "contains only supplemental information for consideration by the Court" in addition to petitioner's "well-written and well-supported" initial habeas petition that he filed pro se. ECF No. 15 at 1; see ECF No. 1. Petitioner reiterated his arguments that because he was already living in the United States at the time of his arrest by ICE, he has a protected liberty interest in his ongoing freedom from confinement and his prolonged detention without a bond hearing violates the INA as well as his procedural and substantive due process rights. Id. at 3-4, 8 (citing Zadvydas v. Davis, 533 U.S. 678, 690 (2001)). As relief, petitioner asks the court to order his immediate release from confinement or alternatively, order respondents to immediately set a bond hearing to take place before a neutral arbiter where the government must establish with clear and convincing evidence that petitioner presents a current risk of flight or danger. ECF No. 1 at 6; ECF No. 15 at 8.

Respondents' brief on opposition to the Amended/Supplemental Petition simply incorporated the arguments made in their prior submission. ECF No. 17. No traverse has been filed, and the time for doing so has passed. To date, petitioner has been detained pursuant to 8 U.S.C. § 1226(c) since approximately April 2, 2026 – over six months – without a bond hearing.

## III. Legal Standard

### A. 28 U.S.C. § 2241

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

### B. Due Process in Prolonged Immigration Detention

The Fifth Amendment's Due Process Clause provides that "[n]o person shall be ... deprived

of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings," Reno v. Flores, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," Zadvydas, 533 U.S. at 690 . The Supreme Court nevertheless has recognized that "[d]etention during deportation proceedings is a constitutionally permissible part of [the deportation] process." Demore, 538 U.S. at 531; see also Carlson v. Landon, 342 U.S. 524, 538 (1952) ("[d]etention is necessarily a part of this deportation procedure").

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). The authority to detain certain noncitizens like petitioner, who is already in the country pending the outcome of removal proceedings, is found in 8 U.S.C. §§ 1226(a) and 1226(c). Here, respondents assert that petitioner has been detained pursuant to § 1226(c), which provides for mandatory detention of any alien who is "admissible by reason of having committed" certain delineated offenses with limited exceptions. 8 U.S.C. § 1226(c).

This Court has previously joined other district courts in concluding that the prolonged and indefinite detention of noncitizens pursuant to statutes mandating detention without a bond hearing can violate the Due Process Clause. See Yang v. Chestnut, No. 1:26-cv-01902-DJC-EFB, 2026 WL 915018 (E.D. Cal. April 3, 2026); Keo v. Chestnut, No. 1:26-cv-01192-DJC-CSK, 2026 WL 747117 (E.D. Cal. Mar. 17, 2026); Mohammed v. Warden of Cal. City Det. Ctr., No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368 (E.D. Cal. Jan. 26, 2026); K.C. v. Chestnut, No. 1:26-cv-00227-DJC-CSK, 2026 WL 412505 (E.D. Cal. Feb. 13, 2026); Abdul-Samed v. Warden of Golden State Annex Det. Facility, No. 1:25-cv-00098-SAB, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (explaining that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process' ") (quoting Martinez v. Clark, No. 2:18-cv-01669-

RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)).

In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court rejected a facial challenge to mandatory detention under 8 U.S.C. § 1226(c). The Supreme Court upheld its "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id. at 526. The Supreme Court distinguished Zadvydas v. Davis, 533 U.S. 678 (2001) by emphasizing that mandatory detention under § 1226(c) has "a definite termination point" and "in the majority of cases it lasts for less than the 90 days . . . considered presumptively valid in Zadvydas." Id. at 529. However, Justice Kennedy specifically noted that "a lawful permanent resident alien such as respondent could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Demore, 538 U.S. at 532 (Kennedy, J., concurring).

The Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), but it has recognized that "district courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c)" based on due process and noted that "[a]ccording to one such court order, the 'prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'" Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022) (citation omitted), vacated on other grounds, 144 S. Ct. 1339 (2024). Although the Ninth Circuit has not decided that question, it has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018). The undersigned shares those doubts, and will therefore analyze whether a due process violation has resulted from the length of petitioner's detention without a bond hearing in this case.

IV. Discussion

To determine if petitioner's due process rights have been violated by his six-month detention without a bond hearing, the court must answer two questions: "the first asks whether there

exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

Petitioner has a clear liberty interest in securing his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas, 533 U.S. at 690. Petitioner was detained on April 2, 2026, and has remained in custody for over six months. ECF No. 6-1 at 1-4 (Form (I-862). Further, petitioner faces indefinitely prolonged detention while administrative review of his claims for relief from removal plays out – including not only his current appeal at the BIA but any potential judicial review at the Ninth Circuit Court of Appeals. As petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation may continue for a protracted and indefinite period, petitioner has established his liberty interest. See Zadvydas, 533 U.S. at 690, 693. Having found that petitioner has a protected liberty interest, the court must determine what process is owed under the Constitution.

Courts in this Circuit weigh the following factors to ascertain when prolonged detention pursuant to 8 U.S.C. § 1226(c) violates the Due Process Clause:[5] "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." Martinez, 2019

[5] Petitioner did not express a position regarding what test should be applied to analyze his as-applied challenge to his prolonged detention. Respondents acknowledge that given the dearth of guidance on the issue, districts courts have applied a range of bright-line rules or balancing tests in this context, such as the three-part balancing test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). ECF No. 6 at 6. Regardless of what test is applied, respondents argue petitioner's detention is constitutional. Id. at 7. Here, the court will adopt the reasoning of Yang v. Chestnut, No. 1:26-cv-01902-DJC-EFB, 2026 WL 915018 (E.D. Cal. April 3, 2026), and employ the multi-factor test utilized by many other district courts in this circuit.

WL 5968089, at *7.

First, the length of detention, which is the most important factor, weighs in petitioner's favor as petitioner has now been detained for over six months. ECF No. 6-1 at 1-4. To be sure, six months is not a bright-line rule. Jennings v. Rodriguez, 583 U.S. 281, 304 (2018). It is, however, the presumptive period set forth by the U.S. Supreme Court in Zadvydas beyond which continued detention becomes prolonged. See Zadvydas, 533 U.S. at 701 (establishing a presumptively reasonable six-month period for post-removal order detention "for the sake of uniform administration in the federal courts" because "Congress previously doubted the constitutionality of detention for more than six months").[6]

Six months is also commensurate with what federal district courts in California have found warrants a bond hearing under the Due Process Clause. See, e.g., Singh v. Warden, California City Detention Facility, No. 1:26-CV-002392 DJC AC, 2026 WL 2410022, at *6-7 (E.D. Cal. Aug. 18, 2026), report and recommendation adopted sub nom. Singh v. Warden, California City Det. Facility, No. 1:26-CV-02392 DJC AC, 2026 WL 2691013 (E.D. Cal. Sept. 14, 2026) (holding that petitioner's detention for six months without a bond hearing pursuant to 8 U.S.C. § 1226(c) violated due process); Marco Antonio B.R. v. Warden of Golden State Annex Detention Facility, No. 1:26-cv-0810-TLN-CSK, 2026 WL 1091489 (E.D. Cal. Apr. 22, 2026) (holding petitioner detained for five months without a bond hearing was likely to succeed on claim that continued prolonged detention is unconstitutional); Yagoub v. LaRose, No. 3:26-cv-00914 JLS-JLB, 2026 WL 673799, at *2 (S.D. Cal. Mar. 10, 2026) (finding petitioner's detention of "nearly eight months" without a bond hearing weighed in petitioner's favor); Amado v. United States Dep't of Just., No. 3:25-cv-

---

[6] Importantly,"[a]t no point did the Zadvydas court preclude a noncitizen from challenging their detention before the end of the presumptively reasonable six-month period." Trinh v. Homan, 466 F. Supp. 3d 1077, 1092 (C.D. Cal. 2020) (collecting cases); see also Ndandu v. Noem, No. 25-CV-2939-RBM-MSB, 2026 WL 25848, at *3 (S.D. Cal. Jan. 5, 2026) (finding that the six-month presumption is rebuttable and finding petitioner rebutted the presumption while only being detained for three months); Hernandez v. Bondi, No. 25-CV-2020-EPG-HC, 2026 WL 350829, at *3–4 (E.D. Cal. Feb. 9, 2026) (rebutting presumption after five month detention); Mohammad v. Noem, No. 25-CV-3424-AB-DBT, 2025 WL 3768581, at *2 (C.D. Cal. Dec. 23, 2025) (rebutting presumption after four month detention).

02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (explaining that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable" and collecting cases); Perera v. Jennings, No. 21-cv-04136-BLF, 2021 WL 2400981 (N.D. Cal. June 11, 2021) (granting TRO and ordering individualized bond hearing for petitioner detained almost two months).

The second factor also favors petitioner. This factor requires consideration of "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." Martinez, 2019 WL 5968089, at *9. Petitioner's detention is likely to endure indefinitely while determinations about petitioner's removability are made and appealed. Id. (finding likely length of future detention absent judicial intervention weighed in favor of granting a bond hearing even where petitioner had already received a removal order and filed an appeal). Thus, this factor weighs in petitioner's favor. Loba L.M. v. Andrews, No. 1:25-cv-00611 JLT SAB, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); Bojorge-Sequeira v. Geo Grp. Inc., No. 2:25-cv-01807 KKE GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026) (finding this factor weighed in favor of petitioner who had appealed the Immigration Judge's decision to the BIA).

The third and fourth factors weigh in petitioner's favor as well. The third factor considers "whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable." Martinez, 2019 WL 5968089, at *7; see also Zagal-Alcaraz, 2020 WL 1862254, at *5 (D. Or. Mar. 25, 2020) (finding "the imbalance between the length of Petitioner's] criminal sentence and his immigration detention weighs in Petitioner's favor"). The fourth factor considers the nature of the crimes the petitioner committed. Petitioner was charged with retail theft with a value less than $500, a misdemeanor offense that carries a recommended fine of $690.00.

ECF No. 6-2 at 1.[7] Petitioner's current detention therefore far exceeds the punishment that petitioner could potentially receive if he is convicted of his pending misdemeanor retail theft charge.

The fifth factor also weighs in petitioner's favor. "The more that the conditions under which the [non-citizen] is being held resemble penal confinement, the stronger [the] argument that [they are] entitled to a bond hearing." Gomez v. ICE Field Off. Dir., No. 2:25-cv-02242-TL-TLF, 2026 WL 449536, at *5 (W.D. Wash. Jan. 27, 2026). Petitioner asserts, and respondents do not dispute, that his conditions of confinement are damaging his health and he is unable to receive necessary medical attention for his knee condition. ECF Nos. 1 at 4, 9. In addition to his knee condition, "[d]uring my detention, my health has worsened, including experiencing flu symptoms, headaches, and throat pain." Id. at 9. Thus, this factor weighs strongly in petitioner's favor.

The sixth factor is neutral while the seventh favors petitioner. In assessing whether petitioners have contributed to the delay, courts distinguish between "legitimate defenses" to removal, which "cannot undermine [a petitioner's] claim that detention has become unreasonable," and "dilatory" or "bad faith" tactics to "deliberately slow the proceedings." Martinez, 2019 WL 5968089, at *10 (collecting cases); see also Abduraimov v. Andrews, No. 1:25-cv-00843-EPG-HC, 2025 WL 2912307, at *9 (E.D. Cal. Oct. 14, 2025). The government does not identify any steps petitioner took in bad faith to delay his removal proceedings, and petitioner's pending appeal to the BIA is a proper avenue for relief which petitioner is entitled to pursue. See Masood v. Barr, No. 19-cv-7623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2022) (observing that it "ill suits the United States to suggest that he could shorten his detention by giving up these rights [to appeal] and abandoning his asylum application"). Though petitioner points to no steps the government has taken in bad faith to delay these proceedings, "this delay is attributable to the Government." See Martinez, 2019 WL 5968089, at *10.

Finally, the eighth factor is neutral. The court lacks sufficient information to assess the likelihood that petitioner's current removal proceedings will result in a final order of removal and,

---

[7] Respondents acknowledge that prior domestic violence charges filed against petitioner were dismissed. ECF Nos. 6 at 2, 6-2 at 2, 6-3 at 4-6.

therefore, declines to do so. See Sarr v. Scott, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of petitioner's appeal to the Ninth Circuit after the Immigration Judge and the BIA found petitioner removable). The balance of these factors supports petitioner because six factors, including the length of petitioner's detention, weigh in his favor and the remaining two factors are neutral.

Having established both that petitioner has a liberty interest and that his prolonged and indefinite detention requires due process, the court recommends a bond hearing as the appropriate remedy. Respondents argue that if "this Court orders a bond hearing, the Constitution does not require the government to bear the burden of establishing that the noncitizen will be a flight risk or danger – much less that the government be subject to a clear-and-convincing-evidence standard—to justify temporary detention pending removal proceedings." ECF No. 6 at 9. However, the Ninth Circuit recently noted that it is the government that bears the burden of proof by clear and convincing evidence at a bond hearing where the petitioner is detained pursuant to § 1226(c). See Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) (reviewing an IJ's public safety risk determination); see also Singh v. Warden, California City Det. Facility, No. 1:26-CV-02392 DJC AC, 2026 WL 2691013, *1 (E.D. Cal. Sept. 14, 2026) (holding that the appropriate remedy for a due process violation based on the petitioner's prolonged detention under section 1226(c) was a bond hearing where the government bears the burden of justifying the noncitizen's continued detention by clear and convincing evidence). Accordingly, the court finds petitioner is entitled to a bond hearing where the government bears the burden of proof by clear and convincing evidence.[8]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1), as supplemented by his Amended Petition for Writ of Habeas Corpus (ECF No. 15 ), be GRANTED;

2. Respondents be ordered to provide petitioner with a constitutionally adequate bond

[8] Because the court finds relief appropriate on the merits of petitioner's procedural due process claim, the court declines to address petitioner's alternative claims seeking the same or similar relief.

hearing before an immigration judge at which respondent must justify petitioner's continued detention by clear and convincing evidence. In the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond, the immigration judge should consider petitioner's financial circumstances and alternative conditions of release.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 7, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE